UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Todd Prestenbach<br>　　Plaintiff | * | Docket Number _____ |
| Vs. No. | * | Section _____ |
| ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. and Northland Group, Inc.<br>　　Defendants | * | Magistrate _____ |

_____

## COMPLAINT
_____

This is an action for actual damages, statutory damages, attorney's fees and costs, brought by Plaintiff Todd Prestenbach, an individual consumer, against defendant Northland Group, Inc. and ARS National Services, Inc. d/b/a ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

1.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2.

Declaratory relief is available pursuant to 28 U.SC. § 2201 and 2202.

3.

Venue in this District is proper in that defendants transact business here and the conduct complained of occurred within the Western District of Louisiana.

## PARTIES

4.

Plaintiff, Todd Prestenbach, is a natural person residing in St. Mary Parish, State of Louisiana and is a consumer as defined by 15 U.S.C. 1692(a)(3).

5.

ARS National Services, Inc. d/b/a ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. is a corporation established under the laws of the State of California, but authorized to and doing business in the State of Louisiana.

6.

Northland Group, Inc. is a corporation established under the laws of the State of Minnesota, but authorized to and doing business in the State of Louisiana.

7.

ARS National Services, Inc. d/b/a/ ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. and Northland Group, Inc. are debt collectors as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

7.

On or about December 16, 2009, plaintiff Todd Prestenbach settled a consumer debt allegedly owed to Capital One, account ending in 3225, with ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. for the amount of $1,608.14.   The alleged

indebtedness is a consumer debt as defined by 15 U.S.C. § 1692a(6).

8.

The above settlement was valid and enforceable under Louisiana law and any remaining balance on said account was legally remitted.

9.

On or about August 27, 2010, defendant Northland Group, Inc. sent a letter to plaintiff Todd Prestenbach demanding payment on the account with Capital One account ending in 6892.

10.

Defendant's August 27, 2010 letter asserted the balance owed on the account discussed above was $1,182.73 and offered to settle the account for $709.62.

11.

On October 11, 2010, defendant was informed that the Capital One indebtedness, account number ending in 3225, was settled as discussed above.

12.

Upon information and belief, defendant continued its collection efforts after it was informed that the account at issue was settled and did not inform the appropriate parties the account was disputed.

**CLAIM FOR RELIEF**

Fair Debt Collection Practices Act ("FDCPA")

13.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 12, as copies here *in extenso.*

14.

Plaintiff avers that, in the course and scope of its communications, defendant Northland Group, Inc. violated the FDCPA.   Defendant's violations include, but are not limited to the following:

- a) Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, and legal status of the alleged indebtedness at issue.
- b) Upon information and belief, defendant continued its collection efforts after being notified the indebtedness as issue was settled and no longer legally owed.
- c) All other facts proven at the trial of this matter.

15.

Plaintiff avers that, in the course and scope of its communications, defendant ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. violated the FDCPA.   Defendant's violations include, but are not limited to the following:

- a) Upon information and belief, defendant transferred the alleged Capital One account discussed herein to innocent parties for value, subsequent to settling the alleged indebtedness, in violation of 15 U.S.C. § 1692e(12)
- b) In the event it is discovered that ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. was not authorized to settle the Capital One Account at issue, defendant ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, and legal status of the alleged indebtedness at issue;
- c) In the event it is discovered that ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. was not authorized to settle the Capital

One Account at issue, defendant ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. violated 15 U.S.C. § 1692e(10) by making the false representation that it is was authorized to settle the Capital One indebtedness at issue;

d)	All other facts proven at the trial of this matter.

16.

The actions of defendant were intentional with the purpose of coercing plaintiff to pay a debt that was not legally owed.

17.

As a result of the above, plaintiff suffered actual damages, such as stress, anxiety, and emotional distress, from which she should be compensated in an amount proven at trial.

18.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE,** plaintiff Todd Prestenbach prays that judgment be entered against the defendants ARS National Services, Inc. d/b/a Associated Recovery Systems, Inc. and Northland Group, Inc. as follows:

a)	Declaratory judgment that defendant's conduct violated the FDCPA;

b)	Actual damages;

c)	Statutory damages pursuant to 15 U.S.C. § 1692k;

d)	Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e)	All other legal and equitable relief the court deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**


/s/ Robert M. Louque, Jr._____
Robert M. Louque, Jr.
650 Poydras Street
Suite 1403
New Orleans, Louisiana 70130
Telephone:  (504) 324-2807
Facsimile:  (504) 265-9328
Email:   robert@louquelaw.com
Attorney for Plaintiff Todd Prestenbach